**Certiorari Denied, October 21, 2011, No. 33,241**

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-116

Filing Date:  September 22, 2011

Docket No.  30,094

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**DEVIN RAPCHACK,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**BUSTAMANTE, Judge.**

**{1}**    Defendant Devin Rapchack pleaded guilty to two separate sets of crimes in separate criminal actions before two different judges.  The sentence in the second case was ordered to be served consecutive to the first sentence, though both were suspended.  Defendant was then arrested for a third crime, and both courts revoked probation.  The first court ordered

that upon revocation the first sentence would be served concurrently with the second sentence, but later amended its order "to reflect that . . . Defendant's sentence does *not* run concurrently." At issue is whether the court's order removing the "concurrent" provision impermissibly lengthened Defendant's sentence. We hold that the language purporting to make the first sentence run concurrent with the later consecutive sentence was illegal under NMSA 1978, Section 31-18-21(B) (1977), and affirm.

## I.    BACKGROUND

{2}    Because the facts of this case are somewhat convoluted, we begin with an overview of the three criminal actions relevant to this appeal.

{3}    On the record before us, Defendant's first encounter with the justice system occurred in CR-2006-0211 (the 211 case), the case that is the subject of this appeal. On July 19, 2006, Defendant pleaded guilty to burglary of a vehicle, criminal damage to property (over $1000), and larceny (over $250), all fourth-degree felonies. He was sentenced to four and one-half years imprisonment followed by one year of parole. For convenience, we will refer to this as "Sentence A." The district court suspended the entire sentence and ordered that Defendant be placed on supervised probation.

{4}    Some months later, he was arrested on auto theft-related crimes which were dealt with in CR-2006-1383 (the 1383 case). He pleaded guilty and received a suspended sentence of between two and six years[1] to be served consecutive to the sentence entered in the 211 case. We refer to the sentence in the 1383 case as "Sentence B."

{5}    As a result of his 1383 case troubles, the State petitioned to revoke Defendant's probation in the 211 case. The district court partially revoked his probation for Sentence A, but gave him an equal amount of credit for time served on probation; essentially, Defendant remained released on probation. Defendant ended up with suspended sentences in both cases, although he did spend some time in jail while awaiting sentencing.

{6}    On November 10, 2008, Defendant was arrested for shoplifting ammunition. The State filed petitions to revoke probation in both the 211 case and the 1383 case. On December 23, 2008, the 1383 case court partially revoked Defendant's probation in Sentence B and ordered Defendant to serve two years of his sentence in prison. Subsequently, in an order dated April 17, 2009, (the April Order), the 211 case court revoked his probation for Sentence A. The April Order indicated that Sentence A would now run concurrently with Sentence B.

{7}    The State filed a "motion to correct illegal sentence" in the 211 case, arguing that the language running Sentences A and B concurrent, should be removed. In its motion, the State

_____

[1]The parties do not agree on the length of Defendant's sentence in the 1383 case. The exact length of the sentence in the 1383 case is not material to this Opinion.

2

observed that Defendant had received Sentence A prior to receiving Sentence B. Furthermore, the 1383 case court had explicitly made Sentence B consecutive to Sentence A. As a result, the State argued, the part of the April Order stating that Sentence A would run concurrently with Sentence B was illegal. The State requested that the April Order be modified to reflect that Sentence A would not run concurrently with Sentence B. Defendant responded that Judge Martin, who had entered the April Order revoking Defendant's probation in the 211 case, was "the last sentencing [j]udge" and that "the last sentencing determines if the cases are concurrent/consecutive." The 211 case court granted the State's motion and entered a new order simply directing that the April Order be "corrected to reflect that . . . Defendant's sentence does *not* run concurrently with" Sentence B. It is this order, reflecting a removal of the "concurrent" requirement, that Defendant appeals.

## II.    DISCUSSION

{8}    "A trial court's power to sentence is derived exclusively from statute." *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. The meaning of these statutes is a question of statutory interpretation which we review de novo. *Id.* Our primary goal in interpreting statutes is to give effect to the intent of the Legislature. *Id.* "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

### A.    The Original Sentences

{9}    Sentencing is governed by the Criminal Sentencing Act, NMSA 1978, §§ 31-18-12 to -26 (1977, as amended through 2009) (the Act). Section 31-18-13(A). The Act calls for a one and one-half year sentence for fourth-degree felonies such as those at issue here. Section 31-18-15(A)(10). However, for crimes other than capital offenses and first-degree felonies, the court has discretion to suspend the sentence and assign conditions of probation. NMSA 1978, § 31-20-3 (1985).

{10}    Although the goal of probation is rehabilitation, *see State v. Grossetete*, 2008-NMCA-088, ¶ 10, 144 N.M. 346, 187 P.3d 692, not all probationers are successfully rehabilitated. In recognition of this potential, the Act provides additional sentencing guidelines for crimes committed by probationers:

> B.    Any person, who commits a crime while at large under a suspended or deferred sentence or probation or parole, and who is convicted and sentenced therefor, shall serve the sentence consecutive to the remainder of the term, including remaining parole time, under which he was released unless otherwise ordered by the court in sentencing for the new crime.

Section 31-18-21(B); *see also Davis*, 2003-NMSC-022, ¶ 9.

3

**{11}** Under the plain language of Section 31-18-21(B), a sentence can only be made consecutive or concurrent to a previous sentence which has not yet been completed. *See* § 31-18-21(B) (providing sentencing guidance for crimes committed by persons "while at large under a suspended or deferred sentence or probation or parole"). The statute requires that the new sentence be served consecutively to the pending sentence unless the court orders otherwise "in sentencing for the *new* crime." *Id.* (emphasis added). Thus, Section 31-18-21(B) only applies to the sentence for the new crime, and a sentence can only be made concurrent or consecutive when a defendant is already subject to a prior sentence which he has not yet completed.

**{12}** Here, Sentences A and B were originally imposed correctly. Because Defendant was not "at large under a suspended or deferred sentence or probation or parole" when he received Sentence A, Sentence A could not have been concurrent or consecutive to anything. Before his arrest and conviction in the 211 case, Defendant was a free man. His conviction and sentencing deprived him of that freedom. Sentence A could not be concurrent or consecutive with any other sentence, because no other sentence existed at that time.

**{13}** When Defendant was convicted in the 1383 case, the court had discretion to make Sentence B either concurrent or consecutive to Sentence A. Defendant committed the crimes in the 1383 case while on probation for his conviction in the 211 case. Accordingly, Section 31-18-21 required Sentence B to be consecutive unless the court ordered otherwise. It is undisputed that the court in the 1383 case explicitly made Sentence B consecutive to Sentence A. Thus, after his sentencing in the 1383 case, Defendant was subject to two sentences: Sentence A, which was suspended, and Sentence B, which was consecutive to Sentence A, but also suspended. Both sentences were lawfully imposed.

## B.     The Parole Revocations

**{14}** The confusion in this case arose after Defendant was arrested for a third crime and the State moved to revoke his probation for Sentences A and B. The 1383 case court acted first, revoking Defendant's probation and ordering him to begin serving two years of Sentence B in prison. Several months later, the 211 case court revoked Defendant's probation for Sentence A, restoring the four and one-half year sentence but giving Defendant credit for three years and seventy-three days. In doing so, it included language purporting to make Sentence A run concurrent with Sentence B.

**{15}** The question thus becomes whether this circumstance—that probation was revoked first as to Sentence B—makes Sentence A the subsequent crime for purposes of Section 31-18-21(B), thus allowing the 211 case court to run Sentence A concurrent with Sentence B. We hold that it does not. Section 31-18-21(B) applies to the sentences as originally imposed. The order of probation revocation does not change their character or original order.

**{16}** When a probationer violates the conditions of his probation, a probation revocation hearing is held. NMSA 1978, § 31-21-15(B) (1989); *State v. Guthrie*, 2011-NMSC-014, ¶¶

4

10-12, ___ N.M. ___, 257 P.3d 904. Courts have wide discretion to deal with probation violations. "If a [probation] violation is established, the court may continue the original probation, revoke the probation and either order a new probation . . . or require the probationer to serve the balance of the sentence imposed or any lesser sentence." Section 31-21-15(B). However, a court may not increase a valid sentence once a defendant begins serving that sentence. *State v. Porras*, 1999-NMCA-016, ¶ 7, 126 N.M. 628, 973 P.2d 880.

**{17}** A probation revocation hearing is different than a sentencing hearing. In a sentencing hearing, the court may impose any sentence consistent with the Act. As discussed above, the court may make the sentence concurrent or consecutive, pursuant to Section 31-18-21(B), so long as there is a previous sentence. In a parole revocation, on the other hand, the court may only modify an existing sentence. *See* Section 31-21-15(B). When the existing sentence is consecutive to a previous sentence, the court may make the existing sentence concurrent, because doing so does not increase the sentence. However, it may not change a sentence that was originally concurrent to be consecutive as this *would* increase the sentence.

**{18}** The analysis is different when probation is revoked for a first sentence, such as the sentence imposed in the 211 case. In a first sentence, Section 31-18-21(B) is never applicable, and the sentence cannot be made concurrent or consecutive to anything. A first sentence cannot be made concurrent or consecutive with later sentences as a result of a probation revocation. To hold otherwise would allow probation revocations for previous convictions to undermine later decisions making sentences concurrent or consecutive. Section 31-18-21(B) requires these decisions to be made at the later sentencings, and Section 31-21-15 allows these decisions to be modified, if at all, by subsequent probation revocations regarding the later sentences. But, for a first sentence, there is no concurrent or consecutive status to be modified. Instead, when the State moves to revoke parole, the sentence may either be suspended, partially suspended, or served.

**{19}** Here, the 211 case court lacked the authority to make Sentence A concurrent with Sentence B. The April Order was not a sentencing; instead, it was a probation revocation made pursuant to Section 31-21-15. Under Section 31-21-15(B), the 211 case court was authorized to continue or modify the probation, or to "require the probationer to serve the balance of the sentence imposed or any lesser sentence." Section 31-21-15(B). Because Sentence A was the first sentence, it could not originally have been concurrent with or consecutive to anything. As a result, it could not be modified to become concurrent or consecutive. Only the 1383 case court, in revoking probation for Sentence B, was at liberty to decide whether the second sentence would be modified to become concurrent. Had the 211 case court desired to achieve a concurrent effect, it was free to leave Defendant on probation in Sentence A.

## III.    CONCLUSION

**{20}** The portion of the April Order purporting to make Sentence A concurrent with Sentence B was contrary to law. The district court therefore had the power to correct it. *See Porras*, 1999-NMCA-016, ¶ 7. For the foregoing reasons, we affirm the order granting the motion to correct the error in the April Order and remand for further proceedings consistent with this Opinion.

**{21}    IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Rapchack*, No. 30,094**

| | |
|---|---|
| **CA** | **CRIMINAL PROCEDURE** |
| CA-AS | Alteration of Sentence |
| CA-CR | Conditions of Probation |
| CA-JS | Judgment and Sentence |
| CA-PB | Probation |
| CA-RV | Revocation of Probation |
| CA-SN | Sentencing |
| CA-SS | Suspended Sentence |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |