ROBB, Chief Judge,
dissenting.
Because I believe that courts are limited to imposing sentences that are authorized by statute, rather than only being limited to sentences that are not prohibited by statute, I respectfully dissent.
I recognize that if this subject were more settled, we would not have the split within our court to which the majority refers regarding the availability of partially consecutive sentences. Nevertheless, I believe that sentencing is a creature of the legislature and that we are limited to sentences that have been expressly permitted by the legislature. See Cooper v. State, 831 N.E.2d 1247, 1252 (Ind.Ct.App.2005) (“The trial court’s sentencing authority is only that which is conferred by the legislature.”), trans. denied. The statute relevant to consecutive and concurrent sentences provides that the court shall determine whether terms of imprisonment shall be served concurrently or consecutively, but does not provide a path for implementing partially consecutive sentences. In relevant part, the statute reads:
Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
(1) aggravating circumstances in IC 35-38-l-7.1(a); and
(2) mitigating circumstances in IC 35-38-1-7.1(b);
in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
Ind.Code § 35-50-l-2(c).
A reading of our case law shows that both this court and our supreme court *1225 regularly use the phrase “authorized by statute” when discussing sentencing and our standard of review for sentences. See, e.g., Bish v. State, 421 N.E.2d 608, 620 (Ind.1981) (“Thus, if the sentences imposed were authorized by statute, if those sentences are not manifestly unreasonable, and if the record discloses the trial court’s Ending of aggravating and/or mitigating circumstances, this Court will not revise or strike down the sentences in question.”) (emphasis added). We rarely, if ever, use the phrase “not prohibited by statute.” While such phrasing may become rote, and the distinction between a sentence that is authorized by statute and one that is simply not prohibited is immaterial in many cases, I believe the difference is important — especially here, where a sentence is in that grey area that is neither expressly allowed nor expressly prohibited under our sentencing statutes.
The case law of other jurisdictions lends support to my belief that we are limited to sentences that are expressly permitted by statute. See, e.g., Scanio v. United States, 37 F.3d 858, 863 (2d Cir.1994) (“The courts have generally frowned upon permitting even the courts themselves to modify a prisoner’s sentence unless expressly authorized by statute.”); Glaze v. State, 2011 Ark. 464, 385 S.W.3d 203, 209 (2011) (“Because sentencing is entirely a matter of statute, the circuit court only has the authority to impose a particular sentence when it complies with the applicable statute.”); Winkler v. State, 2012 Ark.App. 704, 13-14, — S.W.3d -, 2012 WL 6190389 (2012) (“A sentence is void or illegal when the trial court lacks authority to impose it. Because sentencing is entirely a matter of statute, the circuit court has the authority to impose a particular sentence only when it complies with the applicable statute.”) (citation omitted); People v. Oshana, 358 Ill.Dec. 695, 965 N.E.2d 1174, 1192 (Ill.App.Ct.2012) (“However, a trial court may only impose a sentence that is authorized, and any unauthorized aspect of a sentence is void and may be attacked at anytime”), appeal denied, 360 Ill.Dec. 317, 968 N.E.2d 1070 (Ill.2012); City of Bozeman v. Cantu, 369 Mont. 81, 296 P.3d 461, 466 (2013) (“It is well established that a court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes.”) (citations and quotation marks omitted); State v. Rapchack, 150 N.M. 716, 265 P.3d 1289, 1291 (Ct.App.2011) (“A trial court’s power to sentence is derived exclusively from statute.”) (citation omitted), cert. denied, 289 P.3d 1253 (N.M.2011). Additionally, the United States Supreme Court has referenced the fact that a legislature’s failure to prohibit a particular sentence does not equate to that legislature’s approval of the sentence. Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (noting that the fact that many jurisdictions do not expressly prohibit the sentencing practice at issue is not dispositive because it does not necessarily follow that the legislatures in those jurisdictions have deliberately concluded that such sentences would be appropriate).
Because the sentence in question was not explicitly permitted by statute, I believe it was therefore erroneous. For that reason, I would reverse the trial court’s denial of Wilson’s motion to correct erroneous sentence.