This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40330**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOHNATHON J. MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellant Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and a memorandum in opposition. For the reasons set forth below, we deny the motion to amend the docketing statement, and we affirm the order of revocation.

**MOTION TO AMEND**

**{2}** Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO i] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant seeks to add the issue of whether the district court erred in imposing a one-year habitual offender enhancement onto each of the four underlying felonies, when one of those four felonies ran concurrently to the others in the original sentence. [MIO 16] Defendant's argument presumes that the original concurrent sentence was binding on any subsequent habitual enhancement that had been left open in the plea and the original sentence. This is not the case, and the district court had discretion to impose the habitual enhancements either concurrently or consecutively, regardless of whether the underlying crimes ran concurrently. *See State v. Triggs*, 2012-NMCA-068, ¶¶ 17, 19-20, 281 P.3d 1256. Accordingly, we deny the motion to amend because it is not a viable issue.

## SUFFICIENCY OF THE EVIDENCE

**{4}** Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 8] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{5}** Here, the State filed two separate petitions, both of which alleged violations of standard condition #1, which required him to obey the law and not endanger any person or property. [RP 223, 253] The April 27, 2021 petition, alleged that Defendant caused criminal damage to property and resisting an officer. [RP 226] The May 18, 2021 petition, relied on an incident where Defendant attempted to bite corrections officers while prepping for transport, and spit on the officers during transport. [RP 255] The district court found in favor of the State on both petitions. [RP 322] We note that we may affirm if the evidence was sufficient to support any of these violations. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation). We also observe that

the State did not have to prove the failure to obey the law beyond a reasonable doubt. *See Martinez*, 1989-NMCA-036, ¶ 4 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt," but rather, must merely incline a "reasonable and impartial mind to the belief that the defendant has violated the terms of probation").

{6}    The majority of Defendant's argument in his memorandum in opposition is that the criminal damage to property allegation was not sufficiently supported by the evidence, and that the resisting claim linked to this allegation is unsupported as a result because there was no lawful basis to arrest him on the charge. [MIO 8-13] We do not need to address this argument because we conclude that there was sufficient evidence to support the assault and/or battery charge in the May 18, 2021 petition. [RP 255] Specifically, corrections officer Anaya testified that Defendant attempted to bite him prior to transport, and that Defendant had spit in his face during transport, while at the same time Defendant was making threats against the officer's family. [RP 290; MIO 5] Defendant claims that there may not have been sufficient evidence of a meeting all of the elements of battery on a peace officer. [MIO 15] However, as Defendant appears to concede, there is sufficient evidence of at least simple battery and therefore the failure to obey the law. [MIO 15] *See State v. Kraul*, 1977-NMCA-032, ¶¶ 13, 15, 90 N.M. 314, 563 P.2d 108 (observing that simple battery is a lesser included offense to battery on a peace officer). In addition, this incident amounted to a reasonable certainty that an assault was committed. *See* NMSA 1978, § 30-3-1(1963) (defining assault).

## PROCEDURAL DEADLINE

{7}    Defendant's docketing statement raised the issue of whether the revocation proceeding should have been dismissed because the adjudicatory hearing was not held within sixty days of the initial hearing. [DS 7] *See* Rule 5-805(H) NMRA. Defendant has abandoned this issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

{8}    For the reasons set forth above, we affirm.

{9}    **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**