This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42150**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**OMAR TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation and ordering him to serve the balance of his sentence. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant admitted to violating a term of his probation requiring that he comply with a social media policy to refrain from using certain types of cell phone applications.

[RP 80-81; MIO 2] In his memorandum in opposition, Defendant does not challenge the sufficiency of the evidence to establish the violation, but continues to argue that the district court erred by refusing to continue his probation and allow him to complete treatment for his underlying issues. [MIO 1] *See State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91 ("We review a trial court's probation revocation decision under an abuse of discretion standard.").

**{3}** However, once a violation of probation is established, the district court has broad discretion to continue the original probation, revoke the probation, impose additional conditions, or order a probationer to serve the balance of an imposed sentence or any lesser sentence. *See* NMSA 1978, § 31-21-15(B) (2016); *see also State v. Rapchack*, 2011-NMCA-116, ¶ 16, 150 N.M. 716, 265 P.3d 1289 ("Courts have wide discretion to deal with probation violations."); *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438 (providing that a district court does not abuse its sentencing discretion "if the sentence imposed is authorized by law").

**{4}** Although Defendant contends that lesser sanctions would have been appropriate in this case, the district court could reasonably differ in its assessment. *See State v. Lopez*, 2007-NMSC-011, ¶ 12, 141 N.M. 293, 154 P.3d 668 ("By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated. It follows that the court must have broad power to adjust a defendant's sentence by revoking probation when necessary."). Ultimately, the district court was under no obligation to continue Defendant's probation. *See State v. Mendoza*, 1978-NMSC-048, ¶ 5, 91 N.M. 688, 579 P.2d 1255 ("Probation is not a right but a privilege.").

**{5}** Defendant also contends that the district court improperly relied on unproven alleged probation violations against him in making its decision to revoke. [MIO 4] Defendant points to closing arguments made by the prosecutor and his probation officer at the revocation hearing in which they urged that Defendant should be remanded to custody due to the nature and extent of the allegations against him. Defendant, however, does not inform us whether he objected to these arguments below, *see generally* Rule 12-321 NMRA (preservation requirement), nor does Defendant provide the factual context for the statements or explain why it would have been error for the district court to rely on them, *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining review absent "facts that would allow us to evaluate [the] claim" or explanation of the argument). We therefore presume the correctness and regularity of the proceeding below. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment.").

**{6}** For these reasons, we affirm the district court.

**{7}**   **IT IS SO ORDERED**.

KATHERINE A. WRAY, Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

GERALD E. BACA, Judge