This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41843**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**BONNIE AMBER BURHANS,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**    The State appeals from the district court's order reinstating probation in lieu of imposing the four-year habitual offender enhancement contained in Defendant's plea agreement. This Court's notice proposed to reverse the district court. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded by Defendant's arguments, we reverse.

**{2}**    Defendant maintains that the district court had the authority to continue her probation under applicable statutes, in furtherance of the purpose of probation, and in

accordance with the terms of her plea agreement. [MIO 1] "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the legislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

{3}     The district court determined that it had the discretion to not impose the four-year habitual offender enhancement because the two prior convictions were nonviolent in nature. [RP 128] Relying on NMSA 1978, Section 31-18-17 (2003), this Court's notice proposed to reverse the district court. [MIO 6] Section 31-18-17(B) provides, in relevant part, that the sentence of "[a] person convicted of a noncapital felony . . . *shall* be increased by four years" if the person "incurred two prior felony convictions," and that the imposition of such time "shall not be suspended or deferred." The plain language of Section 31-18-17(B) mandates the imposition of a four year enhancement. *See State v. Lujan*, 1977-NMSC-010, ¶ 4, 90 N.M. 103, 560 P.2d 167 ("The words 'shall' and 'must' generally indicate that the provisions of a statute are mandatory and not discretionary."); *State v. McWhorter*, 2005-NMCA-133, ¶ 5, 138 N.M. 580, 124 P.3d 215 ("If the language of the statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.").

{4}     Defendant acknowledges that "[i]f the [s]tate exercises its discretion and seeks such an enhancement during the appropriate time frame, the trial court is obligated to impose the enhancement once the defendant is proven to be a habitual offender." *State v. Trujillo*, 2007-NMSC-017, ¶ 10, 141 N.M. 451, 157 P.3d 16. Nevertheless, Defendant contends that at the same time, broad language in the probation statutes and case law seemingly conflict. [MIO 7] Defendant points to NMSA 1978, Section 31-21-15 (2016), wherein "[c]ourts have wide discretion to deal with probation violations." [MIO 7] *State v. Rapchack*, 2011-NMCA-116, ¶ 16, 150 N.M. 716, 265 P.3d 1289; *accord State v. Aslin*, 2020-NMSC-004, ¶ 12, 457 P.3d 249. Specifically, Defendant relies on Section 31-21-15(B), which provides: "If the violation is established, the court may continue the original probation or revoke the probation and either order a new probation with any condition . . . or require the probationer to serve the balance of the sentence imposed or any lesser sentence." [MIO 7] While we agree with Defendant that "a prosecutor is not required to seek an enhancement simply because [the prosecutor] has the authority to do so," *State v. Leyba*, 2009-NMCA-030, ¶ 22, 145 N.M. 712, 204 P.3d 37, an "enhancement is mandatory if the prosecutor exercises discretion to pursue the enhancement," *State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325. Indeed, "the court has an affirmative duty to impose the appropriate level of sentence enhancement once the factual issues of identity and prior convictions are resolved against the [defendant]." *State v. Davis*, 1986-NMSC-031, ¶ 10, 104 N.M. 229, 719 P.2d 807; *see* § 31-18-20(C) ("If the court finds that the defendant is the same person and that he was in fact convicted of the previous crime or crimes as charged, the court shall sentence him to the punishment as prescribed in Section 31-18-17."). Moreover, to the extent Defendant relies on the broad language in the probation statutes and related case law, the more

specific statute addressing the sentencing of habitual offenders controls. *See State v. Santillanes*, 2001-NMSC-018, ¶ 7, 130 N.M. 464, 27 P.3d 456 (stating that under the general/specific rule of statutory construction, "the more specific statute will prevail over the more general statute absent a clear expression of legislative intent to the contrary"), *modified on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 39, 332 P.3d 850.

{5}     Insofar as Defendant contends that the terms of the plea agreement require a different result, we are not persuaded. [MIO 10-13] The plea agreement here provided that the habitual offender enhancements for the two prior felonies Defendant admitted to would be held in abeyance and only imposed if Defendant violated probation. [RP 70] Defendant maintains that although the terms of the plea agreement permitted the State to pursue the priors if there was a violation of probation or parole, the agreement did not prevent the district court from continuing probation. [MIO 12] While the plea agreement was silent as to the outcome should Defendant violate probation, discussing neither the imposition of a specific sentence nor the continuation of probation, that silence did not preclude the State from seeking enhancement. *See Trujillo*, 2007-NMSC-017, ¶ 12 (indicating that the plea agreement's silence as to habitual offender charges, "cannot inure to [Defendant's] benefit."). The State may seek habitual offender status at any time "before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term." *Freed*, 1996-NMCA-44, ¶ 8. We therefore conclude that the State properly brought habitual offender enhancement proceedings against Defendant for violating probation and as Defendant previously admitted to the prior convictions, the district court lacked discretion to continue probation. *See Trujillo*, 2007-NMSC-017, ¶ 10 (indicating that courts do not have discretion to continue probation if the state establishes the prior conviction and seeks enhancement).

{6}     For all of these reasons, and those stated in this Court's notice of proposed disposition, we reverse.

{7}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**