This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **NO. 30,049**

**KRISTINA YVETTE HUNT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Kristina Yvette Hunt
Grants, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant pleaded guilty to one count of distributing marijuana and ten counts of trafficking by distribution. [RP 69-70] Judgment and sentence was entered against Defendant on February 7, 2005. [RP 89]  Defendant filed a pro se notice of appeal

with this Court on December 9, 2009. This Court issued a calendar notice proposing summary dismissal based on Defendant's untimely notice of appeal and her waiver of her right to appeal by entering into an unconditional guilty plea. Defendant has filed a memorandum in opposition arguing that her notice of appeal should be construed as timely and her counsel was ineffective. Having given due consideration to Defendant's arguments, we dismiss Defendant's appeal.

In this Court's calendar notice, we proposed to conclude that dismissal of this appeal was appropriate given Defendant's waiver of her right to appeal by entering into an unconditional plea agreement. "[A] voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994). Defendant has not asserted that this Court's reliance on *Hodge* is inappropriate. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). We therefore conclude that Defendant waived her right to appeal anything other than jurisdictional issues.

To the extent, however, Defendant challenges the legality of her sentence, the legality of a sentence is a jurisdictional issue that is not waived by Defendant's guilty plea. *See State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 (stating

that "a [district] court does not have subject-matter jurisdiction to impose a sentence that is illegal"); *Id.* ("[A] plea of guilty does not waive jurisdictional errors."). However, we note that Defendant's sentence was within the limits prescribed by statute. Defendant was sentenced to eighteen months for one count of distribution of marijuana in violation of NMSA 1978, Section 30-31-22(A)(1)(a) (2006), a fourth degree felony. *See* NMSA 1978, § 31-18-15(A)(10) (2007) (providing that the basic sentence for a fourth degree felony is eighteen months). Defendant was sentenced to nine years for each of ten counts of trafficking by distribution, a second degree felony. *See* Section 31-18-15(A)(6) (providing that the basic sentence for a second degree felony is nine years). The sentence imposed by the district court was therefore not illegal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 12, 146 N.M. 251, 208 P.3d 896 (stating that "[t]he Criminal Sentencing Act . . . confers authority on the [district] court to impose a criminal sentence in accordance with its provisions" (citation omitted)); *State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747 (stating that "[a district] court's power to sentence is derived exclusively from statute").

This Court also proposed to dismiss Defendant's appeal for lack of timely notice. We pointed out in our proposed disposition that there is no conclusive presumption of ineffective assistance of counsel in cases involving guilty pleas. *See*

*State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990). In her memorandum in opposition, Defendant contends that this Court should consider her appeal because defense counsel's failure to file a notice of appeal after Defendant requested he do so amounted to ineffective assistance of counsel. [MIO 2]

> To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). We conclude that defense counsel's failure to file a notice of appeal in this case was not prejudicial where Defendant had waived her right to appeal by entering an unconditional guilty plea, and where Defendant has not identified any meritorious jurisdictional arguments.

Finally, to the extent Defendant argues ineffective assistance of counsel with respect to other aspects of defense counsel's representation of Defendant, we do not address these issues due to Defendant's untimely notice of appeal.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we dismiss Defendant's appeal.

**IT IS SO ORDERED.**

4

 

                               _____

                               **CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**