This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

**vs.**　　　　　　　　　　　　　　　　　　　　　**No. 31,700**

**ISAAC MARK RAMIREZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
B. Douglas Wood II, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**GARCIA, Judge.**

Pursuant to a plea agreement, Defendant Isaac Ramirez was convicted of numerous serious offenses. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

We will begin our discussion with the motion to amend. Such a motion will only be granted upon a showing of viability. *See generally State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (observing that a motion to amend will be denied if the issue is not viable). By his motion to amend, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 3-8] For the reasons that follow, we conclude that this issue is not viable. We, therefore, deny the motion.

In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

Defendant bases his claim on counsel's alleged failure to accurately advise him about the sentence he ultimately received. [MIO 4-6] He contends that he believed he would receive a sentence of eleven to fifteen years, rather than the twenty-six years to which he was ultimately sentenced. [RP 273, 338-345] Defendant also contends that counsel's failure to file a motion to withdraw his plea constituted ineffective assistance. [MIO 6-8]

The difficulty with Defendant's assertions is that the record provides no support for them. *See generally State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (observing that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel). The record reflects that there was no agreement as to the sentence to be handed down by the district court. [MIO 2; RP 270] As such, we find no indication that counsel failed to advise Defendant about the possibility that he would receive the sentence that was ultimately imposed. And insofar as the sentence was consistent with the written plea agreement, there is no apparent basis for filing a motion to withdraw the plea.

In light of the foregoing, we conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel. We, therefore, deny his motion to amend. To the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State*

3

*v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

With respect to the issue originally raised in the docketing statement, by which Defendant challenged his sentence on grounds that it exceeded the amount of "real time" that he believed he would receive, [DS 3] we remain unpersuaded that reversal is warranted.

As we previously observed, under the circumstances presented in this case, the scope of review is limited to the legality of the sentence. *See State v. Tafoya*, 2010-NMSC-019, ¶ 7, 148 N.M. 391, 237 P.3d 693 (observing that a defendant's plea agreement does not waive an appeal on the grounds that the district court was without authority to impose an illegal sentence); *State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("Because a [district] court does not have subject-matter jurisdiction to impose a sentence that is illegal, the legality of a sentence need not be raised in the [district] court."). Defendant has acknowledged, [MIO 2] the sentence

4

is within the permissible range. [RP 270-72, 282-84] Insofar as the district court did not exceed its jurisdiction, we must uphold the sentence. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-13, 146 N.M. 251, 208 P.3d 896 (adopting a similar approach and arriving at a similar conclusion under analogous circumstances).

For the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**