This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. 31,725**

**CARLOS HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

In this appeal, Defendant initially contended that the district court erred in revoking Defendant's probation after a second violation and sentencing him as an habitual offender. Defendant raised his initial issues pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 3-4 (Ct. App. 1985). [DS 6-7] Our first calendar notice proposed to affirm.

In his memorandum and motion to amend, Defendant raised two new issues, contending that the district court also erred: (1) in failing to properly credit Defendant with time spent on probation (Issue 2); and (2) in failing to provide Defendant with an opportunity to contest the convictions included in the supplemental criminal information (Issue 3). [MIO1 1] In a second calendar notice, we granted Defendant's motion to amend, proposing to affirm on Issues 1 and 3, and proposing to reverse on Issue 2. [Ct. App. File, CN2] The State filed a response to the second calendar notice, indicating its agreement with the proposed disposition. [Ct. App. File, State's Response1] Defendant filed a second memorandum in opposition and an amended second memorandum in opposition. [Ct. App. File, AMIO2] In a third calendar notice, we proposed to affirm on Issue 1 and to reverse on Issues 2 and 3. [Ct. App. File, CN3] The State has responded to the third calendar notice. [Ct. App. File,

State's Response2]  After due consideration, however, we affirm on Issue 1; we reverse and remand on Issues 2 and 3.

**1.  Whether the State proved that Defendant violated his probation conditions.**  We affirm the district court's decision to revoke Defendant's probation based on the analysis set forth in this Court's first and second calendar notices.

**2.  Proper Credit for Time Served on Probation.**  Defendant agrees with proposed reversal and remand on this issue.  [AMIO2 1]  The State does not oppose reversal on this issue.  [Ct. App. File, Response 3-4]  For the reasons set forth in this Court's second and third calendar notices, we reverse and remand for the district court to amend the judgment to grant Defendant pre-sentence credit of 495 days for time spent in custody and on probation.

**3. The Supplemental Criminal Information.**  The terms of Defendant's plea agreement allow for habitual offender sentence enhancement and for Defendant's sentence to be modified should he violate his probation.  [RP 75, 76, 77]  *Cf. State v. Trujillo*, 2007-NMSC-017, ¶ 12, 141 N.M. 451, 157 P.3d 16 (stating that a "plea agreement's silence on the subject of habitual-offender charges cannot inure to [a defendant's] benefit").  In addition, Defendant acknowledged in his motion to quash the criminal supplemental information that existing case law allows the State to pursue habitual offender sentence enhancement against Defendant for the first time upon a

second probation violation. [RP 209; *see* RP 213-17] *See also State v. Leyba*, 2009-NMCA-030, ¶ 22, 145 N.M. 712, 204 P.3d 37 (discussing that the State's exercise of its discretion not to pursue habitual offender sentence enhancement upon the first probation violation, but to pursue it after the second violation is not a waiver of the State's right to assert habitual offender sentence enhancement).

The State is required, however, to prove a defendant's habitual offender status by a preponderance of the evidence. *State v. Simmons*, 2006-NMSC-044, ¶ 10, 140 N.M. 311, 142 P.3d 899 (stating that the standard of proof for the State's evidence is a preponderance of the evidence). In order to make a prima facie case that a defendant is an habitual offender, the State must offer proof of all three elements: identity, conviction, and timing. *Id.* ¶ 11.

In this appeal, Defendant has consistently asserted that he did have the opportunity to contest the two prior felonies set forth in the State's supplemental criminal information. Defendant states that his new attorney at sentencing, Mr. Patterson, told the trial judge that Defendant admitted to having two prior felony convictions, when, Defendant contends, he did not do so:

> Mr. Patterson told [Defendant] on the day of sentencing that he would be receiving his habitual offender time. Mr. Patterson told the trial judge that [Defendant] had two prior felony convictions. [Defendant] disputes Mr. Patterson's assertions that he admitted to having two prior felony convictions at the sentencing hearing.

4

[AMIO2 2]

Whether or not Defendant actually admitted to his attorney that he had two prior felony convictions is not a matter of record for this Court's review on direct appeal. *See, e.g., State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*Id.* Nevertheless, as discussed above, it is the State's burden to prove the allegations in a supplemental information by a preponderance of the evidence. Moreover, NMSA 1978, Section 31-18-20(A) (1983) requires the district court to hold a hearing that informs Defendant of: (1) the allegations of the information; and (2) his right to be tried as to the truth thereof according to law. Further, NMSA 1978, Section 31-18-20(B) (1983) requires a defendant:

> to say whether or not he is the same person as charged in the information. *If the defendant denies being the same person or refuses to answer or remains silent, his plea or the fact of his silence shall be entered in the record and the court shall then conduct a hearing to determine if the offender is the same person.*

(Emphasis added).

The record proper indicates that Defendant's prior counsel had moved to quash the supplemental criminal information and that a hearing on it was scheduled and

5

rescheduled several times, but never held during that counsel's tenure. [AMIO2 2] Defendant also asserts that only one prior felony is usable, if any. [AMIO2 2-3] Under these circumstances, we hold that Defendant's new counsel's representations to the sentencing court that Defendant had admitted to two prior felonies cannot be considered a clear waiver of Defendant's right to contest the supplemental information and to require the State to prove, at a hearing, the allegations in the supplemental information by a preponderance of the evidence. To the extent that the State asserts that Defendant had his opportunity by citing this Court to RP 255 [Ct. App. File, State's Response 2], we are not persuaded. At RP 255, which is part of the judgment entered after sentencing, these sentences appear: "The Court held a sentencing hearing on October 5, 2011. (sic) State brings habitual proceedings, the Court FINDS two (2) prior felonies, enhancing sentence by four (4) years." [RP 255, top 2nd and 3rd lines] These sentences of the judgment merely state that there was a sentencing hearing; they do not demonstrate that Defendant had an opportunity to contest the supplemental criminal information. We reverse on this issue and remand for the district court to hold a hearing on the State's supplemental criminal information that allows Defendant to contest it and requires the State to prove by a preponderance of the evidence that Defendant committed two prior usable felonies for purposes of enhancing Defendant's sentence.

**CONCLUSION**

For the reasons set forth in the first, second, and third calendar notices, and in this memorandum opinion, we affirm the district court on Issue 1; we reverse and remand to the district court on Issues 2 and 3.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**