This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellant,

v.  NO. 33,319

**DARRYL PAUL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellant

Law Works LLC
John A. McCall
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     The State appeals the district court's dismissal of Defendant's vehicular homicide charge on jurisdictional grounds. Defendant, an enrolled member of the

Navajo Nation, was allegedly driving while intoxicated and caused an accident that took the life of Victim. The accident occurred on a section of Interstate 40 that runs through "Parcel 3" of the former Fort Wingate Military Reservation. *See State v. Dick*, 1999-NMCA-062, ¶¶ 3-4, 127 N.M. 382, 981 P.2d 796 (describing Fort Wingate and the administration of the four parcels located within it). In *Dick*, this Court concluded that Parcel 3 is a dependent Indian community and, as such, the State does not have jurisdiction over crimes committed by Indians in this area. *Id.* ¶¶ 8, 28. We reaffirmed this holding in *State v. Steven B.*, 2013-NMCA-078, ¶¶ 15-16, 306 P.3d 509, and declined to overrule *Dick*. Thus, because both parties stipulated to the fact that the accident occurred in Parcel 3 and that "[t]he jurisdictional analysis of the facts . . . is the same analysis as was done in [*Dick*]," the district court concluded that it did not have subject matter jurisdiction over the case.

{2}     On appeal, the State argues that while Congress expressly included rights-of-way, such as Interstate 40, in the definition of Indian country, it omitted rights-of-way from the definition of Indian country for dependent Indian communities. *See* 18 U.S.C. § 1151 (2013) (defining Indian country, in part, as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof"). Arguing that Congress did not intend to include rights-of-way running through dependent Indian communities in the definition of Indian country, the State contends that the district court erred in

concluding that it did not have jurisdiction. We hold that the State did not preserve this argument. We therefore affirm.

**DISCUSSION**

**The State Did Not Preserve Its Argument**

{3} In the proceedings below, the State conceded that "Parcel 3 of Fort Wingate is Indian Country pursuant to [*Dick*]." The State's only argument was that a federal district court in *United States v. M.C.* reached an opposite conclusion regarding Parcel 3's status as Indian country. 311 F. Supp. 2d 1281, 1287 (D.N.M. 2004) (holding that Parcel 3 is not a dependent Indian community and is therefore not Indian country). The State argued that this creates an "untenable jurisdictional framework resulting from the two diverging opinions." At the hearing on the motion to dismiss, the State acknowledged that *Dick* controlled but argued that it should be overruled in order to preserve the issue for appellate review.

{4} On appeal, the State argues two reasons why the new argument it raises on appeal was preserved. First, the State argues that because the essential question before the district court was whether the crime occurred in Indian country as defined in Section 1151, the State's argument on appeal is only a more a technical iteration of that basic question, and the preservation requirement of Rule 12-216(A) NMRA is accordingly met. Second, the State argues that because the question presented is jurisdictional in nature, preservation was not required. *See id.* ("[The preservation] rule shall not preclude the appellate court from considering jurisdictional questions.").

**{5}** Rule 12-216(A) requires that "[t]o preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" "The rule serves many purposes: it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair opportunity to show why the court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Joanna V.*, 2003-NMCA-100, ¶ 7, 134 N.M. 232, 75 P.3d 832.

**{6}** With respect to the State's first contention, we are unpersuaded that its argument made below adequately preserved its current argument on appeal. At no time did the State, or Defendant for that matter, argue the issue of congressional intent in regard to whether Section 1151 exempted rights-of-way through dependent Indian communities from the definition of Indian country. The fact that the parties argued the validity of *Dick* below and that Section 1151 is the relevant statute at issue in *Dick* is not sufficient to support a conclusion that the State's argument on appeal was preserved. *See State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (stating that a party must alert the district court to the specific theory on which it bases its argument in order to preserve an issue for appeal).

**{7}** As for the State's second contention, although its argument presents a jurisdictional question, this Court has interpreted Rule 12-216(B) to apply to "[m]atters having the effect of denying the existence of subject matter jurisdiction" but not to allow for new arguments on appeal seeking to "create jurisdiction." *Anthony Water & Sanitation Dist. v. Turney*, 2002-NMCA-095, ¶ 15, 132 N.M. 683, 54 P.3d 87. The purpose of Rule 12-216(B) in the first context embodies the principle that a

4

court's *lack* of subject matter jurisdiction directly affects the validity of a court's judgment. *See State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("Because a [district] court does not have subject-matter jurisdiction to impose a sentence that is illegal, the legality of [the] sentence need not be raised in the [district] court."). This same concern does not exist in the context of unpreserved arguments supporting jurisdiction when the district court has previously decided none exists.

{8}     While we recognize that our Supreme Court relied on Rule 12-216(B) in *State v. Montoya* to review whether a magistrate court's order was a final appealable order of dismissal, we are unpersuaded that *Montoya* compels a different conclusion in this case. 2008-NMSC-043, ¶ 1, 144 N.M. 458, 188 P.3d 1209. The jurisdictional question in *Montoya* involved a district court's jurisdiction over a de novo appeal from magistrate court. *Id.* ¶ 8. It did not overrule our decision in *Turney* or otherwise consider the issue of whether it is proper to entertain unpreserved arguments on appeal to create jurisdiction. "[C]ases are not authority for propositions not considered." *Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 23, 84 N.M. 343, 503 P.2d 323.  Accordingly, we rely on our decision in *Turney* and decline to review the State's unpreserved argument.

**We Decline To Overrule *Steven B.* and *Dick***

{9}     The State argues that we should overrule *Steven B.* and *Dick*.  The State acknowledges in its briefing that it is doing so in order to "maintain the argument for further review." While nothing in this Opinion limits the State's ability to pursue this argument before the New Mexico Supreme Court, a formal Court of Appeals opinion

5

is controlling authority in this Court. *Arco Materials, Inc. v. State, Taxation & Revenue Dep't*, 1994-NMCA-062, ¶ 3, 118 N.M. 12, 878 P.2d 330, *rev'd on other grounds by Blaze Constr. Co. v. Taxation & Revenue Dep't,* 1994-NMSC-110, 118 N.M. 647, 884 P.2d 803. Therefore, we decline to reconsider *Steven B.* and *Dick.*

**CONCLUSION**

{10} For the foregoing reasons, we affirm the district court's dismissal of Defendant's charges.

{11} **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**

6