This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37570**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH SEPULVEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals his convictions following his no contest plea to the charges of possession of a controlled substance, possession of a firearm by a felon, and possession of marijuana. Defendant contends that his conviction of possession of a firearm by a felon is unconstitutional under the federal and New Mexico Constitutions; he received an illegal sentence; and his trial counsel was constitutionally ineffective. Concluding that Defendant failed to preserve his constitutional claims for appeal, we do not address them. Because a claim of an illegal sentence is jurisdictional, we consider

the issue and ultimately find it unmeritorious. Finally, we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel. Consequently, we affirm Defendant's convictions.

## DISCUSSION

**{2}** The record in this case indicates that Defendant orally pled guilty to the three charges above at a hearing. At that time, it did not appear that Defendant intended to preserve any issues for appeal. A written plea agreement, however, was subsequently filed and indicated that Defendant intended to preserve only his right to appeal the denial of his motion to suppress. *See State v. Hodge*, 1994-NMSC-087, ¶ 21, 118 N.M. 410, 882 P.2d 1 ("[A]n appellate court can pardon the informalities of a conditional plea so long as the record demonstrates that the spirit of Rule [5-304 NMRA] has been fulfilled—that the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the government nor the district court opposed such a plea." (internal quotation marks and citation omitted)). Defendant, however, does not raise any appellate issues related to suppression. Instead, he raises two constitutional arguments related to the felon in possession statute. These arguments were not raised before the district court nor preserved for appellate consideration in Defendant's no contest plea agreement. Consequently, Defendant has waived his right to challenge the constitutionality of the felon in possession statute. *See State v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 ("[A] voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." (internal quotation marks and citation omitted)). To the extent that Defendant argues that his constitutional claims necessitate review as a jurisdictional issue, *see State v. McDuffie*, 1987-NMCA-077, ¶ 13, 106 N.M. 120, 739 P.2d 989, we note that more recent authority from our New Mexico Supreme Court has clarified that such issues are not jurisdictional and may be waived by a guilty or no contest plea. *See Chavarria*, 2009-NMSC-020, ¶ 9 ("[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." (internal quotation marks and citation omitted)). Consequently, we decline to address the constitutional issues raised by Defendant.

**{3}** Notwithstanding Defendant's failure to preserve the issue, we address his illegal sentence claim because it presents a jurisdictional question. *See id.* ¶ 14 (recognizing that a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal, but that an illegal sentence, such as one not authorized by the applicable statute, may be challenged for the first time on appeal as a jurisdictional issue); *State v. Lucero*, 2007-NMSC-041, ¶ 9, 142 N.M. 102, 163 P.3d 489 (stating that an illegal sentence is a jurisdictional question which can be raised for the first time on appeal); *State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("Because a [district] court does not have subject-matter jurisdiction to impose a sentence that is illegal, the legality of a sentence need not be raised in the [district] court.").

**{4}** Defendant contends that the sentence he received is illegal because the State agreed to hold certain habitual offender proceedings in abeyance, pending successful completion of the sentence agreed upon in Defendant's plea. He contends that this is impermissible because the provisions of the Habitual Offender Act are mandatory, and thus the State does not have discretion to hold proceedings in abeyance. As support, Defendant cites *State v. Sedillo*, 1971-NMCA-003, ¶ 9, 82 N.M. 287, 480 P.2d 401, for the proposition that prosecutors have no discretion in deciding whether to bring habitual offender proceedings. *See id.* ("There is no merit to the claim that our statutory law gives the district attorney discretion as to whether he will invoke the habitual criminal provision."). This statement in *Sedillo* is not essential to its holding and is thus nonbinding dicta. *See State v. Johnson*, 2001-NMSC-001, ¶ 16, 130 N.M. 6, 15 P.3d 1233 (stating that while the "Court of Appeals should give [Supreme Court dicta] adequate deference[,]" it is not binding authority); *see also Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 22 n.8, 116 N.M. 52, 860 P.2d 182 (stating that dictum is a statement "unnecessary to [a] decision of the issue before the Court . . . no matter how deliberately or emphatically phrased").

**{5}** Additionally, more recent authority from our Supreme Court has reaffirmed a prosecutor's discretion in bringing habitual offender proceedings against a defendant. *See Trujillo*, 2007-NMSC-017, ¶ 10 ( stating that a "prosecutor may seek a[] habitual-offender enhancement at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term" and "[i]f the [s]tate exercises its discretion and seeks such an enhancement during the appropriate time frame, the trial court is obligated to impose the enhancement once the defendant is proven to be a habitual offender" (alteration, internal quotation marks, and citation omitted)). Accordingly, we conclude that Defendant was not subject to an illegal sentence by the State's agreement to hold certain habitual offender proceedings in abeyance.

**{6}** Defendant also briefly argues that the plea bargaining process here violates equal protection because the State threatened to impose habitual offender enhancements on Defendant if he chose to exercise his right to a trial. Defendant fails, however, to develop this argument past a single quotation to a case discussing selective prosecution, and thus it is not adequately developed for our review. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments); *see also State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant."); *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts are not required to do their research). Additionally, Defendant argues that the plea agreement violates the separation of powers doctrine. This contention, however, has been considered and rejected by our Supreme Court. *See Sedillo*, 1971-NMCA-003, ¶¶ 9-10 (holding that the predecessor statute to NMSA 1978, Section 31-18-17 (2003) did not violate separation of powers and that uneven enforcement of the Habitual Offender Act does not make the law unconstitutional).

**{7}** Finally, Defendant claims that he received ineffective assistance of counsel. We note that some of Defendant's claims may have been waived by Defendant's failure to raise them in his motion to withdraw his plea. *See State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (requiring a defendant to preserve objections to a guilty plea by filing a motion to withdraw his or her plea). Nevertheless, Defendant has failed to establish his claim of ineffective assistance of counsel. To succeed in bringing such a claim on direct appeal, "the burden [is] on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44.

**{8}** Defendant initially argues that trial counsel was ineffective for failing to have the plea agreement reduced to writing at the time he entered his oral plea agreement. While Rule 5-304(B) requires that an agreement must be reduced to writing, Defendant fails to point to any evidence on the record that he was prejudiced by the failure to have the written agreement complete at the time of his plea hearing. *See Dylan J.*, 2009-NMCA-027, ¶ 38 (holding that a defense is prejudiced as a result of deficient performance if "there was a reasonable probability that the result . . . would have been different" (omission, internal quotation marks, and citation omitted)). It is particularly difficult to conceive of any prejudice arising from Defendant's oral plea when a written plea was eventually filed, and Defendant does not argue that the written agreement varies in any way from the oral agreement he entered at his plea hearing.

**{9}** Defendant further contends that his counsel was ineffective because she misinformed him about the terms of his plea agreement, leading Defendant to believe he would be released from custody while his appeal was pending. The record, however, is devoid of any evidence of such a promise, and thus such a claim is more properly brought through habeas proceedings where Defendant has the opportunity to develop a factual record to support his claim. *See State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 ("Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal."); *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 ("This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850).

**{10}** Finally, Defendant contends that his trial counsel was ineffective in allowing him to plead to an illegal sentence. Having already rejected Defendant's claim that his sentence was illegal, we conclude that Defendant has failed to establish that his counsel's performance fell below that of a reasonably competent attorney in this regard. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494 (stating that deficient performance is established by evidence demonstrating that the "attorney's conduct fell below that of a reasonably competent attorney" (internal quotation marks and citation omitted)).

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm Defendant's convictions.

**{12}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**