This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41125**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MARCIAL E. ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glen Ellington, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals the revocation of his probation, challenging the sufficiency of the evidence to establish the violation and asserting that he was denied due process during the revocation hearing. We issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a response in which he expressly abandons the issues raised in the docketing statement.

**{2}** Defendant also raises a new argument in his response, which we will construe as a motion to amend the docketing statement. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Pursuant to the motion to amend, Defendant argues that he was induced to enter the underlying plea agreement by the promise of an illegal sentence and that the sentence imposed was in fact illegal. [MIO 1-8] We understand the facts and proceedings relevant to this issue as follows. On August 23, 2021, Defendant pleaded guilty to two counts of shoplifting (over $500). [RP 109-119] The plea agreement contained terms stating that the State may seek to impose habitual offender enhancements should Defendant later violate probation. [RP 113; MIO 2] We understand Defendant to argue that the provisions of the Habitual Offender Act are mandatory, and the State does not have discretion to hold its enforcement in abeyance. Defendant argues that he was therefore induced to enter the plea agreement by the promise of an illegal sentence, the sentence he received was illegal, and the plea agreement is void. [MIO 2-6]

**{4}** Defendant relies on language in this Court's opinion in *State v. Sedillo*, 1971-NMCA-003, ¶ 9, 82 N.M. 287, 480 P.2d 401, for the proposition that prosecutors have no discretion in deciding whether to bring habitual offender proceedings. [MIO 4] *See id.* ("There is no merit to the claim that our statutory law gives the district attorney discretion as to whether he will invoke the habitual criminal provision."). However, this statement in *Sedillo* is not essential to its holding and is thus nonbinding dicta. *See State v. Johnson*, 2001-NMSC-001, ¶ 16, 130 N.M. 6, 15 P.3d 1233 (stating that while the "Court of Appeals should give [Supreme Court dicta] adequate deference," it is not binding authority); *see also Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 22 n.8, 116 N.M. 52, 860 P.2d 182 (stating that dictum is a statement "unnecessary to [a] decision of the issue before the Court . . . no matter how deliberately or emphatically phrased").

**{5}** We understand Defendant to assert that this Court's statement in *Sedillo* was not dicta because the Court's view that the prosecutor had no discretion was central to its determination that there was no constitutional violation. [MIO 7-8] We disagree. This Court's holding that there was no constitutional violation in *Sedillo* was not dependent on any determination that the prosecutor had no sentencing discretion and was premised on an assumption that there was uneven enforcement of the Habitual Offender Act occurring in practice. *See Sedillo*, 1971-NMCA-003, ¶ 10.

**{6}** Moreover, our Supreme Court has reaffirmed a prosecutor's discretion in bringing habitual offender proceedings. *See State v. Trujillo*, 2007-NMSC-017, ¶ 10, 141 N.M. 451, 157 P.3d 16 (stating that a "prosecutor may seek a[] habitual-offender enhancement at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term" and "[i]f the [s]tate exercises its discretion and seeks such an enhancement during the appropriate time frame, the trial court is obligated to impose the enhancement once the defendant is proven to be a habitual offender" (internal quotation marks and citation omitted)). Accordingly, we conclude that Defendant was not induced to enter the plea agreement by the promise of an illegal sentence, nor was he subject to an illegal sentence by any language suggesting that certain habitual offender proceedings would be held in abeyance, and we reject his argument that the plea agreement was void.

**{7}** Defendant also argues that the plea bargaining process in this case was a violation of equal protection because the State threatened to impose habitual offender on enhancements if Defendant chose to exercise his constitutional right to a trial. [MIO 6] However, Defendant has not sufficiently developed this argument apart from a block quotation to an encyclopedia discussing selective prosecution, and therefore, the issue is not adequately developed for our review. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments); *see also State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant."); *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts are not required to do their research).

**{8}** Finally, Defendant argues that the plea agreement violates the separation of powers doctrine because it shifts sentencing authority to the prosecutor and away from its proper place in the judicial and legislative branches. This contention, however, has been considered and rejected by our Supreme Court. *See Sedillo*, 1971-NMCA-003, ¶¶ 9-10 (holding that the predecessor statute to NMSA 1978, Section 31-18-17 (2003) did not violate separation of powers and that uneven enforcement of the Habitual Offender Act does not make the law unconstitutional).

**{9}** For these reasons, we conclude that the issues raised in Defendant's motion to amend the docketing statement are not viable. We therefore deny the motion to amend and affirm the district court. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that if the issue, which the defendant seeks to add to the docketing statement is not viable, the motion to amend will be denied).

**{10}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**