This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41956**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GABRIEL TERSERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**     Defendant appeals from the district court's order revoking his probation and imposing the remainder of his sentence. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Revocation of the State's Offer**

**{2}** Defendant continues to argue that reversal is warranted because the State withdrew its offer of a sixty-day sanction if Defendant agreed to admit to a singular violation of his probationary conditions. [MIO 4] In our calendar notice, we proposed to affirm on the basis that it was unclear whether the State's offer was written, whether the State revoked the offer before Defendant had accepted it, and that Defendant did not point to any authority to support that the revocation was improper. [CN 6-7] In his memorandum in opposition, Defendant first maintains that the State misrepresented its position when it made the offer because it had filed its supplemental information seeking an enhancement "*well before* making the [sixty]-day offer" and that it should not have made the offer if it believed that the district court was required to impose the enhancement. [MIO 5] However, Defendant again has not provided any authority to support that the State could not make the initial offer or that its revocation of that offer was improper. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** Second, Defendant argues that he detrimentally relied on the offer because "defense counsel was underprepared to mount defenses to *five* separate alleged violations." [MIO 6] Rather, Defendant was "prepared to admit to one violation, not to defend against five." [MIO 6] Defendant cites to *State v. Ornelas*, 2024-NMCA-064, ¶ 36, 554 P.3d 728, in support of the proposition that he detrimentally relied on the State's offer. [MIO 6] We are unpersuaded.

**{4}** In *Ornelas*, this Court considered the issue of detrimental reliance on a plea agreement and explained that where a defendant agreed to take, and subsequently fulfilled, a substantial step that was detrimental to their interest in return for a particular plea, the plea was enforceable without the approval of the district court. *Id.* ¶¶ 23-39. However, where "a plea did not demand any action by the defendant other than pleading guilty, courts have held that the plea was not enforceable until the defendant's guilty plea was accepted by the district court." *Id.* ¶ 36. Here, according to Defendant's memorandum in opposition, Defendant "was prepared to admit guilt to a *singular* violation." [MIO 6] Defendant does not assert that he had agreed to take any other substantial steps that were detrimental to his interest such that the agreement should have been enforced. *See id.* The record proper also does not indicate that Defendant requested and was denied a continuance of the hearing to prepare to defend against all five violations. Finally, the district court was not required to approve the State's offer. *See State v. Mares*, 1994-NMSC-123, ¶ 10, 119 N.M. 48, 888 P.2d 930 (stating that "a trial court has broad discretion to accept or reject a plea agreement"). As such, if the district court did not approve the agreement, Defendant would have had to defend against all five of his violations regardless of whether the State revoked the offer.

Accordingly, we conclude that Defendant has not demonstrated reversible error on this issue.

**One-Year Habitual Offender Enhancement**

**{5}**     Defendant also continues to argue that the district court abused its discretion when it revoked his probation, imposed the remainder of his sentence, and imposed a one-year habitual offender enhancement. [MIO 7-9] Specifically, Defendant contends that contrary to the State's argument, the district court had discretion not to impose a prison sentence. [MIO 7] Defendant points to the plain language of NMSA 1978, Section 31-21-15(B) (2016), and NMSA 1978, Section 31-18-17(A) (2003) [MIO 8], to support that the district court was not required to impose the remainder of Defendant's sentence, but instead could have chosen to continue the probation or could have imposed a lesser sentence.

**{6}**     First, although Defendant is correct that Section 31-21-15(B) provides the district court with sentencing discretion for violations of probation, the district court exercised this discretion in opting to impose the remainder of Defendant's sentence, and the memorandum in opposition has not cited to the record proper or to any authority to show that this was improper. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{7}**     Second, Defendant argues that Section 31-18-17(A) allows the district court to suspend or defer his sentence and did not require it to sentence him to a year of incarceration for the habitual offense [MIO 8-9]. *See* § 31-18-17(A) (providing that "[t]he sentence imposed pursuant to this subsection shall not be suspended or deferred, unless the court makes a specific finding that the prior felony conviction and the instant felony conviction are both for nonviolent felony offenses and that justice will not be served by imposing a mandatory sentence of imprisonment and that there are substantial and compelling reasons, stated on the record, for departing from the sentence imposed pursuant to this subsection"). Defendant's memorandum in opposition states that "the district court agreed with the defense's argument that evidence of a defendant's addiction should not be the basis for long terms of incarceration." [MIO 9] Despite this allowance, the district court still "decided to sentence [Defendant] to the maximum term of incarceration authorized by statute." [MIO 9] Defendant asserts that "[t]o the extent that the district court believed its hands were tied because the State argued that imposition of such a term of incarceration was mandatory, the court abused its discretion." [MIO 9-10]

**{8}**     Defendant, however, has not cited to any authority to show that the district court actually had discretion in this matter. Nor does the record proper indicate that the district court made any specific finding regarding the prior felony and the current felony being nonviolent or that "justice will not be served by imposing a mandatory sentence of imprisonment." Section 31-18-17(A). As such, because the State exercised its discretion to seek an enhancement by filing the supplemental information and presented evidence to support the enhancement, the district court was "obligated to impose the

enhancement once the defendant [was] proven to be a habitual offender." *State v. Trujillo*, 2007-NMSC-017, ¶ 10, 141 N.M. 451, 157 P.3d 16; *see* § 31-18-17(A) (providing that person convicted of a noncapital felony who has incurred one prior felony conviction "is a habitual offender and his basic sentence shall be increased by one year"); NMSA 1978, § 31-18-20(C) (1983) (stating that if the district court finds that a defendant was convicted of a previous crime, the district court shall sentence a defendant to the punishment set forth under the habitual offender statute, Section 31-18-17).

**Sufficiency of the Evidence**

**{9}**     Defendant asserts that the State "did not prove the violations to a reasonable certainty." [MIO 10-13] In our calendar notice, we proposed to affirm on the basis that Defendant admitted he would test positive on a drug test as a result of his contact with a person detrimental to his supervision. [CN 2-3] *See State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (concluding that "a trial court may revoke a defendant's probation based on defendant's extrajudicial admission that he or she violated the terms of probation"), *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. In his memorandum in opposition, Defendant does not challenge the fact that he admitted to associating with a known drug user to use a controlled substance. Nor does Defendant provide us with any authority to support that the district court abused its discretion in revoking his probation on this ground. As such, we conclude that the district court did not abuse its discretion and Defendant has not met his burden to demonstrate reversible error. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (explaining that this Court need not address the sufficiency of the evidence to support multiple violations of the terms of a defendant's probation because "if there is sufficient evidence to support just one violation, we will find the district court's order was proper"); *see also Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{10}**     Finally, we note that Defendant has abandoned his assertion in the docketing statement that it was improper for him to be required to attend another rehabilitation center after he had already completed one rehabilitation program. [CN 7-8] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement but not contested in a memorandum in opposition are abandoned).

**{11}**     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order revoking Defendant's probation and enhancing his sentence.

**{12}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**